# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| ROBERT WINSLOW,<br>    Petitioner, | Civil Action No. 1:07-cv-898 |
| vs. | Beckwith, J.<br>Black, M.J. |
| TIMOTHY BRUNSMAN, WARDEN,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, a state prisoner, brings this case *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254. This case is before the Court on the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 11), and petitioner's traverse (Doc. 19), and on petitioner's motion requesting case be held in abeyance (Doc. 15) and respondent's memorandum in opposition thereto. (Doc. 16).

## I. PROCEDURAL HISTORY

### State Court Proceedings

On September 17, 2003, petitioner pled guilty to charges of aggravated robbery and felonious assault. (Doc. 11, Exhs. 3, 13).[1] On October 30, 2003, petitioner was sentenced to eight years imprisonment on the aggravated robbery charge and to six years imprisonment on the felonious assault charge. (Doc. 11, Exhs. 4, 14).[2]

On August 5, 2005, nearly two years later, petitioner moved to withdraw his guilty plea. (Doc. 11, Exhs. 15, 16). The trial court denied the motion. (Doc. 11, Exh. 17).

---

[1] Petitioner pled guilty to robbing and slitting the throat of a handicapped man who was confined to a wheelchair. (Doc. 11, Tr. 17).

[2] The trial court filed a corrected judgment entry on petitioner's sentence, *nunc pro tunc* October 30, 2003, on November 6, 2003. (Doc. 11, Exh. 4).

On June 20, 2006, petitioner filed a motion for leave to file a delayed appeal with the First District Ohio Court of Appeals. (Doc. 11, Exh. 5). The Court of Appeals denied leave to appeal on July 20, 2006, finding petitioner failed to provide sufficient reasons for his failure to perfect an appeal as of right. (Doc. 11, Exh. 6).

On September 15, 2006, petitioner filed a notice of appeal and motion for delayed appeal in the Supreme Court of Ohio. (Doc. 11, Exhs. 7, 8). On November 1, 2006, the Supreme Court of Ohio denied leave to appeal. (Doc. 11, Exh. 9).

## Federal Habeas Corpus

Petitioner filed a *pro se* petition for writ of habeas corpus in this Court on October 5, 2007. (Doc. 1).[3] The petition sets forth four grounds for relief:

> **GROUND ONE**: Allied offenses of similar import.
>
> Supporting Facts: The charges I pleaded guilty to are on the same information sheet. Due to me being on parole she alone gave judgment to be served consecutively to each other.
>
> **GROUND TWO:** Effective assistance of counsel.
>
> Supporting Facts: A defendant should not be permitted to plead guilty to criminal charge i[f] his mental condition is such that he is unable to understand the proceedings beforehand or properly assist in his own defense.
>
> **GROUND THREE:** Court counsel was ineffective by allowing me to enter a guilty plea.
>
> Supporting Facts: Depakote causes one to hair loss, mental depression, paranoia, rapidly changing moods, etc. State Board of Psychology, Vern Riffe Center for Gov. and The Arts, 77 S. High Street, Ste. #1830 Columbus, Ohio 43215.

---

[3] Under the prison "mailbox rule" set forth in *Houston v. Lack,* 487 U.S. 266, 270 (1988), the Court construes the petition as being filed on October 5, 2007, when petitioner certified he placed his petition in the prison mail system. (Doc. 1 at 14).

2

**GROUND FOUR:** Mental Health Treatment

Supporting Facts:  1. Dr. Hooshang Khalily, CCHB, 525 Maxwell Ave. Cincinnati, Ohio 45229 (513) 559-2097 2. MHAP, 3111 Albert Sabin Way Cincinnati, Ohio 45229 (Next to Children's Hospital) 3. Psychologist Dept. at APA (Adult Parole Authority), 7700 Reading Road, Cincinnati, Ohio

(Doc. 1, petition).

## II.  THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.

Respondent argues that the petition is barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214.

Under 28 U.S.C. § 2244(d)(1), a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of:  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, Grounds One through Four of the petition seek habeas corpus relief based on alleged errors that occurred during petitioner's state court trial proceedings.  Because nothing in

the record suggests that petitioner could not discover the factual predicates of his grounds for relief through the exercise of due diligence before the conclusion of direct review in the Ohio courts, his claims are governed by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's conviction became "final" by the conclusion of direct review or the expiration of time for seeking such review.

Under § 2244(d)(1)(A), petitioner's conviction became "final" on December 1, 2003, the first business day following the expiration of the 30 day period for filing an appeal as of right to the Ohio Court of Appeals from the trial court's final Judgment Entry issued October 30, 2003. *See* Ohio R. App. P. 4(A). The statute of limitations commenced running the following day on December 2, 2003, *see* Fed. R. Civ. P. 6; *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000), and expired one year later on December 2, 2004, absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or any other applicable tolling principles.

Section 2244(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id. See Austin v. Mitchell*, 200 F.3d 391, 393 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000). *See also Bennett v. Artuz,* 531 U.S. 4, 8-9 (2000).

Petitioner's motion to withdraw his guilty plea, filed on August 5, 2005, and his motions for delayed appeal with the Ohio Court of Appeals and Supreme Court of Ohio, filed on June 20 and September 15, 2006 respectively, do not serve to toll the statute of limitations since the statute expired before the motions were filed.[4] Section 2244(d)(2)'s tolling provision "does not

---

[4] A motion for delayed appeal tolls the running of the statute of limitations, but does not cause the statute to run anew. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir.), *cert. denied*, 534 U.S. 905 (2001).

. . . 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Since the AEDPA's one-year period had expired some eight months before petitioner filed his first motion for post-conviction relief, there was no time left to toll, and the AEDPA's tolling provision does apply.

The statute of limitations in this matter expired on December 2, 2004. Petitioner's habeas corpus petition was filed in this Court on October 5, 2007 and, accordingly, was submitted nearly three years too late.

In his traverse brief, petitioner does not address the statute of limitations defense raised by respondent. Nevertheless, he suggests that his prescription for Depakote played "a big part" in his crime as he had been diagnosed with Bi-polar disorder approximately one year before the assault and aggravated robbery offenses. (Doc. 19 at 6). To the extent petitioner's brief may be liberally construed as raising a claim for equitable tolling in this matter, the Court finds that equitable tolling of the statute of limitation is not warranted.

The statute of limitations may be equitably tolled in limited circumstances. In *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), the Sixth Circuit held that "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate." 395 F.3d at 599, following *Schlup v. Delo*, 513 U.S. 298 (1998). The Court of Appeals held in *Souter* that "where an otherwise time-barred habeas petitioner can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying

5

constitutional claims." *Souter*, 395 F.3d at 602. The Court of Appeals has counseled, however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

If petitioner fails to establish actual innocence under the standard enunciated in *Souter*, the Court must examine the five factors outlined in *Dunlap v. United States*, 250 F.3d 1001 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001), to determine whether equitable tolling of the limitations period is appropriate. In determining whether the statute of limitations should be equitably tolled, the court must consider the following factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). The absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151 (citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.* To qualify for equitable tolling, petitioner must show he pursued his rights diligently and that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005).

Petitioner does not meet his burden of establishing actual innocence under *Souter*. Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Souter*, 395 F.3d at 590. To make the necessary showing, petitioner must support his allegations of constitutional error "with new reliable evidence–whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 324). Petitioner has provided no new exculpatory evidence to support a claim of actual innocence. In fact, he acknowledges that he is not "totally innocent" but asserts that his medical condition and/or medication was a factor in his criminal actions. Such a claim does not establish factual innocence to warrant equitable tolling in this case. Therefore, equitable tolling under the actual innocence exception is not warranted.

In addition, equitable tolling is not appropriate under the *Dunlap* factors. Petitioner has made no attempt to apply the five *Dunlap* factors to this case. There is no evidence in the record even remotely suggesting that petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that he has been diligent in pursuing his rights. It was unreasonable for petitioner to remain ignorant of the filing requirement, which has been in effect since April 1996, until October 2007 when he filed his federal habeas petition. There is no reason to conclude that petitioner did not have constructive knowledge of the one-year filing requirement.

To the extent petitioner may assert his late filing was caused by his Bi-polar mental illness,[5] he fails to establish he was mentally incompetent or incapacitated to such a degree that it prevented him from pursuing his legal rights during the limitations period. As the Sixth Circuit recently discussed:

> Although the mental incapacity of the petitioner can warrant the equitable tolling of the statute of limitations, the district court properly determined that mental

---

[5] Although petitioner does not specifically claim his mental illness caused his habeas petition to be tardy, he attributes his failure to file a timely direct appeal to the Ohio Court of Appeals to his mental condition. Petitioner's habeas petition states he did not file a direct appeal from his conviction because "over the time limit and mentally challenged due to Bi-polar." (Doc. 1 at 6)

incompetence is not a *per se* reason to toll a statute of limitations. *See Nara v. Frank,* 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by Carey v. Saffold,* 536 U.S. 214 (2002); *Lake v. Arnold,* 232 F.3d 360, 371 (3d Cir. 2000). In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition. *See Laws v. Lamarque,* 351 F.3d 919, 923 (9th Cir. 2003) ("Where a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond [his] control,' and the deadline should be equitably tolled."); *Nara,* 264 F.3d at 320 ("[T]he alleged mental incompetence must somehow have affected the petitioner's ability to file a timely habeas petition."); *Nowak v. Yukins,* 46 Fed. Appx. 257, 259 (6th Cir. 2002) (holding that the incapacity of the petitioner can warrant the equitable tolling of the statute of limitations where the petitioner makes a threshold showing of incompetence and demonstrates that the incompetence affected her ability to file a timely habeas petition).

*McSwain v. Davis*, 287 Fed. Appx. 450, 456 (6th Cir. 2008) (unpublished), 2008 WL 2744640, *5.

Petitioner has failed to make a threshold showing of incompetence. *McSwain*, 287 Fed. Appx. at 456. The record fails to show that petitioner's mental illness or medications rendered him incompetent. When questioned by the trial judge at his guilty plea hearing about his ability to understand the proceedings, petitioner testified that he was able to read and write, finished the tenth grade, reviewed the guilty plea form with his lawyer, and understood the form. (Doc. 11, Exh. 13, Tr. 5-6). Petitioner also testified that he was taking the medication Depakote on a daily basis. (Doc. 11, Exh. 13, Tr. 15). The trial judge asked petitioner if his medication impaired his ability to understand the proceedings. *Id*. Petitioner testified, "No. It just make you relax and more calm." *Id*. The trial judge also confirmed with petitioner's counsel that petitioner was competent to enter the guilty plea and was doing so knowingly, intelligently, and voluntarily. (Doc. 11, Exh. 13, Tr. 16). Counsel testified, "[F]or the record, again, I spoke at length with Mr. Winslow late Sunday afternoon at the Justice Center and we reviewed everything in anticipation of today's date, and

reviewed it again with him this morning, and he's been very cooperative, and I think he fully understands the impact of this decision." (Doc. 11, Exh. 13, Tr. 16). The trial judge ordered a court clinic evaluation by a psychiatrist to assess petitioner's mental condition before imposing sentence. (Doc. 11, Exh. 13, Tr. 14, 22). At the sentencing hearing, the trial judge characterized the evaluation as showing petitioner had a mood disorder, but no history of hallucinations. (Doc. 11, Exh. 14, Tr. 13-14). Nothing in the trial court transcript suggests that petitioner was mentally incompetent.

Nor do petitioner's post-judgment motions show evidence of incompetency. In his motion to withdraw guilty plea, petitioner submitted numerous certificates of achievement in literacy and writing he was awarded while in prison during 2004 and 2005. (Doc. 11, Exh. 15, attachments). In addition, in his affidavit of reasons for his delayed appeal to the Supreme Court of Ohio, petitioner cited to "Inadvertent Error (1. Not attentive or observant; heedless 2. Due to oversight; unintentional." and to his limited access to the prison law library (Doc. 11, Exh. 8),[6] and not to his mental illness or medications, as the reasons for his untimely filing. The record simply fails to support any claim that petitioner was incompetent.

Nor has petitioner shown that any alleged incompetence affected his ability to file a timely habeas petition. *McSwain*, 287 Fed. Appx. at 456. The record does not establish facts showing a causal connection between petitioner's mental illness or medication and his ability to file a timely

---

[6] Although petitioner's state court filings suggest that the lack of legal advice or materials may have contributed to the delay in filing, ignorance of the law, even for an incarcerated *pro se* petitioner, "is not sufficient to warrant equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991)); *Warren v. Lewis*, 365 F.3d 529, 532 n. 2 (6th Cir. 2004). Likewise, neither a petitioner's unfamiliarity with the legal process nor his lack of education is sufficient to warrant equitable tolling. *See, e.g., Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

9

habeas corpus petition. The petition and traverse allege no facts suggesting that petitioner's mental illness or medication prevented him from filing a timely habeas petition. Petitioner has not met his burden of establishing that he it entitled to equitable tolling on the basis of mental illness.

Petitioner does not explain why he waited nearly three years to file his habeas petition. Since there is no evidence in the record suggesting petitioner lacked notice or constructive knowledge of the filing requirement for federal habeas petitions or that petitioner was diligent in pursuing his rights, equitable tolling under *Dunlap* is inappropriate in this case.

Accordingly, in sum, the undersigned concludes that under the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), the petition is time-barred and should be dismissed.[7]

## III. PETITIONER'S MOTION REQUESTING CASE BE HELD IN ABEYANCE SHOULD BE DENIED.

Petitioner has filed a motion to hold this case in abeyance so that he may file a motion to withdraw guilty plea/modification of sentence in the state court. (Doc. 15). As explained above, petitioner's post-conviction motion and motions for delayed appeal were filed after the expiration of the statute of limitations. Therefore, his proposed motion to withdraw guilty plea/modification of sentence can neither toll nor revive the statute of limitations in this case. *Vroman*, 346 F.3d at 602. A stay of this case would serve no useful purpose. Accordingly, petitioner's motion should be denied.

---

[7] Since the petition is time-barred, the Court declines to reach respondent's alternative arguments that the petition is procedurally defaulted and without merit.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The petition be **DISMISSED** with prejudice on the ground that it is barred from review under the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).

2. Petitioner's motion requesting case be held in abeyance (Doc. 15) be **DENIED.**

3. A certificate of appealability should not issue with respect to the petition, which this Court has concluded is barred by the statute of limitations, because under the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[8]

4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date: 12/16/2008                                       s/Timothy S. Black
                                                       Timothy S. Black
                                                       United States Magistrate Judge

---

[8] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim. *See Slack*, 529 U.S. at 484.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT WINSLOW,                 Civil Action No. 1:07-cv-898
    Petitioner,

                                            Beckwith, J.
vs.                                     Black, M.J.

TIMOTHY BRUNSMAN, WARDEN,
    Respondent.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **FIFTEEN (15) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s) Any response by an opposing party to the written objections shall be filed within TEN (10) DAYS after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).