UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Robert Winslow, | : Case No. 1:07-cv-898 |
|     Petitioner, | : |
| vs. | : |
| Timothy Brunsman, Warden, | : |
|     Respondent. | : |

**ORDER**

Before the Court in this habeas corpus proceeding are the Petitioner's Objections to the Report and Recommendation of the Magistrate Judge. The Report recommends that the petition be dismissed because it is time-barred. (Doc. 20) Petitioner objects, contending that his underlying guilty plea to the state charges was not voluntary and knowledgeable, that his counsel was ineffective, and that the state court did not accept his plea for leniency in his sentence. (Doc. 22)

**FACTUAL AND PROCEDURAL HISTORY**

Petitioner Robert Winslow was charged by the grand jury of Hamilton County, Ohio with three counts of robbery, aggravated robbery and assault. On September 17, 2003, Winslow appeared before the state court judge to enter a plea of guilty to aggravated robbery and felonious assault, after reaching a plea

agreement with the State.  Winslow did not dispute the facts that led to the charges, but told the court that he was quite intoxicated and under a lot of stress at the time he assaulted and robbed one of his wheelchair-bound neighbors.

Winslow was represented by counsel during the state court proceedings.  As reflected in the transcript, the court carefully questioned Winslow concerning his understanding of the charges to which he pled guilty, and the potential range of sentences he faced.  At the time, Winslow was on parole from a previous charge, and the court specifically warned Winslow that his parole might be revoked, and that consecutive sentences could be imposed upon him.  Winslow also specifically stated, in response to the court's questions, that he was satisfied with his counsel, that he had not been threatened or forced in any way to accept the plea agreement, and that he was not then impaired by drugs or alcohol.  Winslow admitted to committing the crimes with which he was charged, and specifically waived his jury trial rights as to those charges.  (See Doc. 11, Exhibit 12, Transcript of Change of Plea Hearing.)

Winslow's counsel requested the court to order a psychiatric evaluation for Winslow, and informed the court that Winslow was taking Depakote for a mood disorder.  When directly questioned by the court, Winslow denied any ill effects of the Depakote, telling the court that the medication "makes you relax and more

calm." (Id. at p. 15) His lawyer stated his belief that Winslow was competent to enter the plea and understood the ramifications of his plea. However the court also referred Winslow for an evaluation prior to sentencing.

On October 30, 2003, after reviewing the evaluation and noting that Winslow's counselor had been "a true advocate" on his behalf, the court sentenced him to eight years on the aggravated robbery charge, and six years on the felonious assault, with the terms to run consecutively under Ohio law. (Doc. 11, Exhibit 14, Transcript of Sentencing Hearing.) A nunc pro tunc corrected judgment was entered on November 6, 2003. (Doc. 11, Exhibit 4)

Winslow did not timely appeal the judgment or his sentence. But almost two years later, on August 5, 2005, he filed a motion to withdraw his guilty plea. He contended that his plea was not voluntary because of unspecified threats made by a detective, and because Depakote made him unstable. He alleged that his lawyer told him to accept the plea, as he could not get a lesser sentence. (Doc. 11, Exhibit 15) The state court summarily denied Winslow's motion in a December 30, 2005 entry. (Doc. 11, Exhibit 17)

Winslow then sought leave to file a delayed appeal in the Ohio court of appeals on June 20, 2006, almost six months later. That request was denied, and the Ohio Supreme Court subsequently denied him leave to appeal to that court as well.

Winslow filed a pro se habeas petition in this Court on October 5, 2007, alleging four grounds for relief. He objects to the consecutive sentences imposed on him for what he describes as "allied offenses of similar import." He claims he received ineffective assistance of counsel because his lawyer permitted him to plead guilty despite his mental condition, and because of the effects of Depakote. And he claims that at the time of his plea, he was receiving mental health treatment. (Doc. 1)

The Magistrate Judge concluded that Winslow's petition is time-barred by the AEDPA's statute of limitations. The Magistrate Judge rejected any application of equitable tolling of this statutory time limit, because Winslow has not established any basis upon which that equitable doctrine should apply.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d), imposed strict time limits on the filing of a habeas petition by a state prisoner. Under the statute, a state court prisoner must file a federal habeas petition within one year from the latest of the following events: (i) the date the state court judgment becomes final; (ii) the date that improper state action preventing petitioner from filing a petition is abated or removed; (iii) the date the Supreme Court initially recognizes a constitutional right asserted in the petition; or (iv) the date petitioner discovers or should

-4-

discover the factual predicate for his claims.  This one-year period may be tolled during the pendency of timely-filed state post-conviction or collateral review proceedings.

Winslow does not seriously contest the conclusion that his petition is time-barred under the statute.  He did not file his petition within one year of the date the state court's judgment became final, and he did not timely pursue any state post-conviction relief such that the one-year period was tolled.  He does not allege that anyone prevented him from timely filing a petition.  He does not assert any new or recently-recognized constitutional right.  And the factual predicate of his claims of ineffective assistance of counsel and/or mental incompetence were certainly known to him at the time he entered his guilty plea, and certainly by the time the judgment was entered.

The only basis upon which Winslow might extend the time for filing his petition, as noted by the Magistrate Judge, would be if equitable tolling could apply.  That doctrine may be invoked in a narrow class of cases.  The first is when a petitioner makes a credible claim of actual innocence.  See Souter v. Jones, 395 F.3d 577, 599 (6th Cir. 2005).  Winslow makes no such claim here, and in fact has never denied the facts giving rise to the charges of assault and robbery to which he pled guilty.

Another possible ground for application of equitable tolling was articulated in Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

There, the Supreme Court assumed that equitable tolling would apply to AEDPA's one-year statute of limitations. The Court held that a habeas petitioner seeking equitable tolling must establish that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in the way of timely filing.

This Court notes that Winslow's claims in this case are similar to those raised and found to be deficient in Pace. Winslow argues his sentence was "illegal" because he was sentenced to consecutive terms; that his plea was involuntary because he did not understand the ramifications of pleading guilty; and that he received ineffective assistance of counsel during the plea and sentencing proceedings. All of these facts were known to Winslow at the time of his plea and at his sentencing. He does not establish any basis upon which this Court could conclude that he diligently pursued any of his rights to challenge his plea or his sentence on these or any other grounds.

Winslow also fails to suggest or demonstrate that any "extraordinary circumstance" (such as unconstitutional state action) prevented him from timely pursuing the relief he now seeks.

At best, Winslow suggests that his mental condition, his treatment with Depakote, and/or his poor upbringing constitute extraordinary circumstances that permit tolling of the AEDPA

statute, and permit this Court to reach the merits of his petition.  The Court disagrees.  The record demonstrates that the state court specifically questioned Winslow about the effects of Depakote, and he denied any adverse effects that would prevent him from voluntarily agreeing to a plea.  The court referred him for a psychiatric evaluation before sentencing, which produced no evidence of incompetence or inability to comprehend the legal proceedings.

The Magistrate Judge noted, too, that Winslow obtained numerous certificates of achievement in literacy and in writing during his initial period of incarceration, which belie any suggestion of mental impairment or incompetence that prevented him from timely pursuing his appeal rights.  Winslow submitted these documents to the state trial court along with his motion to withdraw his guilty plea, arguing that he deserved a lower sentence because he was working very hard to overcome his mood disorder.  When he attempted to file a delayed appeal in the Ohio Supreme Court, Winslow described his delay in filing as "Inadvertent Error" and "unintentional."  There is simply no suggestion in the record that Winslow was prevented from timely pursuing post-conviction remedies of any kind by either his mental condition, or by any medication he may have been prescribed for his condition.

For all of these reasons, the Court agrees with the

Magistrate Judge's conclusion that Winslow has not demonstrated an entitlement to equitable tolling of the statutory one-year limitation period.

In his objections to the Magistrate Judge's Report, Winslow states that he is seeking leniency, and that he is very stressed by his current situation and by the circumstances that led to the original charges against him in 2003. He reiterates that he had a very violent childhood, and that the state court failed to credit him with his efforts to improve his life. Under established Supreme Court precedent which this Court is bound to follow, these arguments are plainly insufficient to support the application of equitable tolling in this case. Because this Court concludes that the petition is untimely, the Court does not reach Respondent's alternate arguments of procedural default or the merits of Winslow's claims.

Therefore, for all of the foregoing reasons, the Court finds that the petition for habeas corpus must be dismissed with prejudice because it is time-barred under 28 U.S.C. §2244(d). Winslow's alternate request that this case be held in abeyance (Doc. 15) is denied as moot.

The Court finds that a certificate of appealability under 28 U.S.C. §2253(c) should not issue, because Winslow has not demonstrated that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a

constitutional right, and has not demonstrated that such jurists would find it debatable whether this procedural ruling is correct. Slack v. McDaniel, 529 U.S. 473 , 484-485 (2000).

This Court also certifies, pursuant to 28 U.S.C. §1915(a)(3), that any appeal of this Order would not be taken in good faith, and thus Petitioner is not entitled to proceed in forma pauperis.

SO ORDERED.

THIS CASE IS CLOSED.

DATED: January 14, 2009  s/Sandra S. Beckwith
            Sandra S. Beckwith
            Senior United States District Judge